

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. K. Winfree, Chairman
Revenue and Taxation Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-5239
Re: Constitutionality of
Section 10 of House Bill
No. 547, Acts 42nd Leg.,
R.S. (1931), P. 111.

*his opinion was overruled by Thompson V. United Gas Corporation, 190 SW2d 504 (civil app) (ref)*

We received your letter dated April 22nd requesting our opinion on a number of questions pertaining to Art. 6060, R.C.S. of 1925, and to Section 10 of H.B. No. 547, Acts 42nd Leg., R.S. (1931), P. 111. We also have your letter dated April 26, 1942 to the effect that if we hold that the 1931 amendment to Article 6060, supra, is invalid, that there will be no need to answer the other four questions contained in your letter of April 22nd. Since we believe that the 1931 amendment to Article 6060, supra, is unconstitutional, we will confine our discussion to your fifth question which we quote from your letter as follows:

"In your opinion, is the wording of the 1931 amendment to Article 6060 violative of Article 3, Section 36 of the Texas Constitution? In other words, does the 1931 amendment attempt to amend a statute, Article 6060 by reference? If so, then does the original Article 6060 remain in full force and effect?"

Article 6060, R.C.S. of 1925, reads as follows:

"Every gas utility subject to the provisions of this subdivision on or before the first day of January and quarterly thereafter, shall file with the Commission a statement, duly verified as true and correct by the president, treasurer or general

Honorable J. I. Winfree, Chairman, Page 2

manager if a company or corporation, or by the
owner or one of them if an individual or co-
partnership, showing the gross receipts of such
utility for the quarter next preceding or for
such portion of said quarterly period as such
utility may have been conducting any business,
and at such time shall pay into the State Treasury
at Austin a sum equal to one-fourth of one per cent
of the gross income received from all business
done by it within this State during said quarter."

Section 10 of H.B. No. 547, Acts 42nd Leg., R.S.
(1931), P. 111, hereinafter referred to as the 1931 Act,
provides as follows:

"Sec. 10.  That Article 6060 of the Revised
Civil Statutes of 1925, except insofar as it im-
poses a license fee or tax of one-fourth of one
per cent against persons owning, operating, or
managing pipe lines, as provided in Section 2 of
Article 6050, is hereby repealed and said fund
shall be used for enforcing the provisions of
Articles 6050 to 6066, inclusive.

Section 36 of Article 3 of the Constitution provides:

"No law shall be revived or amended by reference
to its title; but in such case the act revived, or
the section or sections amended, shall be re-enacted
and published at length."

In discussing the above constitutional provision
Chief Justice Gaines, speaking for the Supreme Court in the
case of Snyder vs. Compton, 87 Texas 347, said:

"The practice which it was the purpose of the
provision in question to prohibit was that of amend-
ing a statute by referring to its title, and by pro-
viding that it should be amended by adding to or
striking out certain words, or by omitting certain
language and inserting in lieu thereof certain other
words.  It was not intended to prohibit the passage

Honorable J. K. Winfree, Chairman, Page 3

of a law which declared fully its provisions without direct reference to any other act, although its effect should be to enlarge or restrict the operation of some other statutes."

The case of Henderson vs. City of Galveston, 102 Texas 163, 114 S.W. 108, involved an Act by the Legislature which added a sentence to a section of an Act previously enacted by the Legislature. In holding that such an amendment was invalid under the terms of Article 3, Section 36 of the Constitution, Mr. Justice Williams, speaking for the Supreme Court said:

"But no authority cited and none that we know of has held that a section of a statute may be amended by adding words to it, without re-enacting the entire section as amended, and such a holding would be condemned by the plain words of the Constitution.

" * * * .

"It may be true that this act was and is as susceptible of as easy an understanding in connection with that of which it is an amendment, by the Legislature in its passage, by the courts and by the public, as if the original section, with the new provision included, had been re-enacted and published at large. As much perhaps might be said in favor of many statutes which do not conform to the Constitution. It may even be doubted if the good accomplished by the constitutional provision compensates for the inconvenience it causes. But it must be remembered not only that the provision is intended to prevent the mischiefs against which it is directed, but that it seeks to accomplish this by a comprehensive and unbending rule, striking down all statutes which do not conform to it. From that rule the Constitution makes no exceptions, and neither the Legislature nor the courts have the right to make them.

" * * * ."

Honorable J. X. Winfree, Chairman, Page 4


There are some cases which hold that the legislature may repeal a definite section or part thereof of an Act without re-enacting the part unrepealed. See Chambers v. State, 25 Texas 307.

An examination of the 1931 Act reveals that it does not, in specific language, purport to repeal any specific or definite part of Article 6060, R.C.S. 1925. The apparent purpose of the 1931 Act would seem to be the substitution of the phrase "persons owning, operating, or managing pipe lines, as provided in Section 2 of Article 6050" for the first ten words of Article 6060, towit--"Every gas utility subject to the provisions of this subdivision". It is clear to us that the effect of the 1931 Act is to omit certain words of Article 6060, supra, and to substitute in lieu thereof certain other words. It follows from this that the 1931 Act is unconstitutional because the 1931 Act did not re-enact and publish at length Article 6060, supra.

We call your attention to that last part of the 1931 Act which reads "and said fund shall be used for enforcing the provisions of Articles 6050 to 6066, inclusive". This provision cannot be said to repeal anything contained in Article 6060, supra. It clearly adds something to Article 6060, supra, which was not theretofore contained in it. This part of the 1931 Act falls clearly within the rule announced in Henderson va. City of Galveston, supra, and is therefore unconstitutional.

We wish to point out further that the 1931 Act is not an independent Act complete within itself. In order to understand it and to determine its meaning and effect, reference must be made to Article 6060, supra.

It follows from what we have said that the 1931 Act (Section 10 of H.B. No. 547, supra) violates Article 3, Section 36 of the Texas Constitution and is therefore void.

Since in our opinion the 1931 Act is unconstitutional, it cannot repeal or have any effect on Article 6060, R.C.S. of 1925. This for the reason that a void Act cannot repeal any

law behind it. County School Trustees of Orange County et al vs. District Trustees of Prairie View Common School District, 153 S.W. (2d) 434 (Supreme Court of Texas).

We trust that we have satisfactorily answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lee Shoptaw*

Lee Shoptaw
Assistant

LS:aw

APPROVED APR 27, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ___